NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

CARLOS MANUEL ALVARADO, )
 )
　　　Appellant, )
 )
v. )　　Case No. 2D15-5379
 )
STATE OF FLORIDA, )
 )
　　　Appellee. )
　　　　　　　　　　　　　　　　 )

Opinion filed November 16, 2016.

Appeal from the Circuit Court for Polk
County; Michael E. Raiden, Judge.

Howard L. Dimmig, II, Public Defender,
and Robert D. Rosen, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Peter Koclanes,
Assistant Attorney General, Tampa, for
Appellee.


PER CURIAM.

　　　　　Affirmed.


MORRIS and SALARIO, JJ., Concur.
VILLANTI, C.J., Concurs with opinion.

VILLANTI, Chief Judge, concurring.

I concur in the decision to affirm the revocation of Alvarado's probation because the facts presented at the evidentiary hearing leave no other option. I write solely to recognize the truism of his probation officer's statement that finding places for sexual predators and offenders to live once they are released from prison is a "difficult situation." The dilemma facing sexual predators and offenders upon their release from prison was largely created by the legislature, albeit enhanced by county ordinances; and a solution must therefore lie with the legislature.

Alvarado pleaded guilty to one count of lewd and lascivious molestation based on events that occurred in Polk County, and he was sentenced to fifteen years in prison followed by five years' sexual offender probation.

Upon his release from prison, Alvarado returned to live in Polk County. Because of the constraints of section 775.215, Florida Statutes (2014), Alvarado's housing options were limited. Section 775.215 prohibits any sexual predator or offender from living within 1000 feet of a childcare facility, school, park, or playground. Given the population densities in most Florida counties, this geographic radius frequently limits sexual offenders and predators to living in either the most commercial urban core or in very rural areas. Many are forced to reside on the streets, which, ironically enough, exposes a greater segment of society to such offenders. The alternative of living "in the woods" results in dim prospects for a job or the social services that might be needed to reintegrate as a productive member of society. The cycle of reoffending becomes higher for these individuals than for the "average" probationer.

In this case, Alvarado was not only subject to the 1000-foot rule of section 775.215, but also to the terms of a Polk County ordinance that prohibits sexual

offenders from living within 2500 feet of a childcare facility, school, park, playground, or public library, as well as within 1000 feet of a school bus stop or church. See Polk County, Fla., Code of Ordinances § 10.5-214. Nevertheless, Alvarado was able to secure a job in Polk County and housing in a small complex that complies with both the state and Polk County restrictions. However, when Alvarado lost his job, he lost his ability to pay rent and thus his ability to remain in this housing. When he turned to his probation officer for assistance, Alvarado was told that the only living option within the entirety of Polk County for a sexual predator with no income was to camp on a parcel of land outside Mulberry between Highway 60 and the railroad tracks and next to a phosphate mine. Alvarado's probation officer told the court that there was no bus service to this area and that Alvarado would not be able to leave his belongings there if he left the "camp" to seek employment. Since this "camp" was simply a vacant parcel of land, presumably there are no cooking facilities, no running water, and no bathroom facilities. Not unsurprisingly, Alvarado stated that he would prefer jail to "camping" on this piece of property.

Recognizing that most sexual predators and offenders are not sympathetic characters, I nevertheless believe that statutes and ordinances that relegate sexual predators to camping by a phosphate mine in Polk County are more draconian than necessary. Perhaps the legislature should consider creating some type of halfway house for probationers who could be rehabilitated but have no other viable living options. Especially for a first-time offender, such as Alvarado, who has already served more than ten years in prison, a better option than camping by a phosphate mine should be available. Surely such a facility would be less taxing on societal resources than

- 3 -

county jail or long-term incarceration.  Absent some type of creative solution, the burden on society to house prisoners will only continue to spiral upward.